[Williams v. Intendent and Council of Gainesville.]

of his special replications, and, indeed, there was no proof or offer to prove one of the material facts alleged in each of them, to-wit, that defendant was a surety upon the note sued upon. This being true, the giving of the charge must have been predicated upon the fact that the plaintiff had sustained the burden which was upon him of making out a prima facie case, which he did, and which was in no wise disputed by the testimony, inferentially or otherwise. It therefore follows that, if error was committed in any of the rulings upon the pleadings, it was without injury.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.

# Williams *v.* Intendent and Council of Gainesville.

*Bill to Enjoin Erection of Wharf Across Street.*

(Decided March 2nd, 1907.  43 So. Rep. 209.)

*Municipal Corporation; Right to Maintain Wharf in Street.*—The dedication of a street not having the effect of limiting its use to travel over it by the public, a city may maintain a free wharf at the intersection of said street and a river.

APPEAL from Sumter Chancery Court.
Heard before Hon. THOMAS H. SMITH.
Bill by D. H. Williams against the Intendent and town council of Gainesville and others. From a decree for defendants, plaintiff appeals. Affirmed.

Bill seeking to enjoin the erection and maintenance of a wharf across Water street, in the said town, where it intersects with the Tombigbee river. The allegations of the bill are that one Lewis owned all the land on which the town of Gainesville is now situated, and in the year 1836 platted and mapped the same, and dedicated certain streets therein to the use of the public, but

12 R.

at the same time reserved to himself, his successors and assigns, the title and use of all the water front on said lands. It is further alleged that said Lewis owned and operated, under bond and license from the commissioners of that county, a ferry across said river at that point, and that he built and operated a warehouse near the ferry, charging and collecting a reasonable amount for the use of said warehouse by the public; that he continued in the open, adverse, notorious, and peaceable possession of said warehouse property and ferry during his life; and that orator through mesne conveyances has acquired said property, and that said property had been in the open, adverse, notorious, and peaceable possession of Lewis' successors, including himself, until the time of the filing of the bill. It is also alleged that Gainesville is a populous town, and that the county across the river from Gainesville is thickly settled, and that orator's ferry is the means used by the public to cross the river, and that they crossed in such numbers that the public needs all of said Water street to accommodate those traveling on horseback, in vehicles, and afoot. The bill contains numerous other allegations, not necessary here to be set out, concerning the description of the and, the condition of the streets, and the injury that would result to complainants if the town is permitted to build and operate a free wharf at the intersection of Water street and the river. It is alleged in the bill, also, that the dedication of the street went only to the high-water mark, and that the fee in the street, subject to the easement of the city is in complainant, and that the land between high and low water mark, where it is proposed to erect this wharf, belongs to complainant. The answer denies the ownership of complainant in the fee between high and low water mark, and asserts the right of the city, under its charter and under the laws of Alabama, to erect and maintain this wharf across the street at its intersection with the river. Upon a submission the chancellor denied the complainant the relief prayed.

C. K. ABRAHAMS, for appellant.—A municipal corporation can possess and exercise the following powers and

[Williams v. Intendent and Council of Gainesville.]

none other: 1st. Those granted in expressed words; 2nd. Those necessarily or fairly implied in or incident to the powers expressly granted; 3rd. Those essential to the declared objects of the corporation.—*Mayor of, Mobile v. Moog*, 53 Ala. 561; Dillon Mun. Corp.. (4th edition) p. 145. The charter of Gainesville confers upon the town no authority to establish and maintain a wharf in one of its streets.—*Authorities supra.* The ferry at the foot of Water street belongs to the appellant through mesne conveyances from Lewis and the Commissioners Court of Sumter county, and license to establish a ferry is the grant of an incorporeal hereditament, and may be sold and will descend to the heir as an incident of the fee.—*Lewis v. Intendent and Town of Gainesville*, 7 Ala. 85. Under the facts in this case the municipality acquired no more than a mere easement, and the ultimate fee remains unaffected by the dedication, and under such circumstances the owners of the fee has left in himself sufficient title or right to prevent or redress the wrong.—*Perry v. N. O. M. & C. R. R. Co.*, 55 Ala. 413. The public has an easement in the street and the right to use a street without let or hindrance.—*City of Demopolis v. Webb*, 87 Ala. 659; *Papalexandrakis v. State* 108 Ala. 45. The appellant being a riparian owner has the right to collect wharfage. —*Demopolis v. Webb, supra.* There may be a dedication of a public ground or wharf as well as a street for public use, but the intention of the proprietor must govern and such is not the intention under the facts in this case.—*McMahon v. Williams*, 79 Ala. 288. The property rights having existed in complainant prior to the constitution of 1868 and not having been abandoned by any act of dedication cannot now be taken away from him without compensation.—*Demopolis v. Webb, supra; McMahon v. Williams, supra;* 124 Ala. 458; *Municipality v. Cotton Press*, 36 Amer. Dec. 624. In this case no dediction of Water street is shown by the testimony for any other purpose than a street, and its dedication as a wharf cannot be presumed.—*Gage & Company v. M. & O. Ry.*, 84 Ala. 224; *Forney v. Calhoun county*, 84 Ala. 215. Any obstruction in a street tending to the annoyance of persons living in them or which renders the

passage through said street more difficult and which increases the danger of injury to persons or property is a nuisance.—*The State v. Mayor of Mobile*, 5 Port. 279; *L. & N. R. R. Co. v. M. J. & K. C. R. R. Co.*, 124 Ala. 162; *First National Bank v. Tyson*, 132 Ala. 495; 114 Ala. 118. A city cannot erect a wharf at the foot of a street if the fee within the lines of the street be in a private owner.—*In re Camp, v. Phila.*, (Pa.) 16: *People v. Pacific Rolling Mills Co.*, 60 Cal. 323; *People v. San Francisco Gas Light Co.*, 60 Cal. 349.

L. B. GODFREY, R. CHAPMAN and VANDEGRAAFF & SPROTT, for appellee.—Counsel cite and rely on the case of *Webb v. City of Demopolis*, 95 Ala. 116, to support the decree of the chancellor.

TYSON, C. J.—The single question presented by the record is the right of the city of Gainesville to maintain a free wharf at the intersection of Water street and the Tombigbee river. The insistence seems to be that the dedication of this street as a public highway limits its use by the public to travel along and over it simply to the bank of the river, with no right in the city to erect and maintain a wharf to enable the public to avail themselves of the rights of commerce and transportation afforded by the river; that since complainant is the owner of the fee, and the city has only an easement, he alone has the right to maintain a wharf where the river and the street intersect.

This contention, it must be conceded, is supported by some of the adjudged cases; but they are not in harmony with the great weight of authority, which sustains the right of the city to "improve, ornament, and grade its streets for public convenience, either by enlargement or extension, and, with a view to public accommodation, may erect at their termini suitable wharves or landings," and "the right of a city to erect wharves under such circumstances is not affected by the question whether the street has been regularly opened and condemned as a highway, or its use as such has been acquired by dedication, and it is unimportant, with regard to the exercise of this right, whether the law of the state does or

does not recognize in the bank owner a title to the land under the water to the middle of the stream."—30 Am. & Eng. Ency. Law (2d Ed.) pp. 484, 485, and cases cited in notes 2 and 3 on page 484 and 2 and 3 on page 485. Of the numerous cases cited in the notes we call especial attention to the case of *Backus v. City of Detroit,* 13 N. W. 380, 49 Mich. 110, 43 Am. Rep. 447, in which the opinion was delivered by Judge Cooley, where a learned and exhaustive discussion of the subject may be found, sustaining the doctrine of the text above quoted. This principle was fully recognized by this court in *Webb v. City of Demopolis,* 95 Ala. 116, 132, 13 South 289, 21 L. R. A. 62. It is true in that case the street ran along and parallel to the river, while here the street intersects with the river; but the principle involved and applicable is the same.

There is no error in the decree and it must be affirmed.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.